Erskine Hewitt & Co., Plaintiff, *v.* The Farmers Loan and Trust Company, as Executor, etc., et al., Defendants.

(Supreme Court, New York Special Term, December, 1921.)

Infants — guardian — service of process — service on general guardian of property of non-resident infant insufficient — application for guardian ad litem denied as premature — Civ. Pr. Act, § 225.

> The " guardian " specified in section 225 of the Civil Practice Act does not include a general guardian of the property of an infant, appointed by a decree of the Surrogate's Court.
>
> An application, therefore, by such a guardian to be appointed guardian *ad litem* of a codefendant, an infant under the age of fourteen years, will be denied as premature, it appearing that service of the summons and complaint has not in fact been made on the infant by delivery thereof to said general guardian.

Application for appointment of guardian *ad litem* for infant defendant.

Geller, Rolston & Blanc, for petitioner.

Burr, J. The Farmers Loan and Trust Company, a defendant in this action, petitions this court that it be appointed guardian *ad litem* of Ann Cooper Hewitt,

a co-defendant and infant under the age of fourteen years. The nature of the action is not stated in the petition. It appears from the petition that the petitioner was appointed general guardian of the property of the infant by decree of the Surrogate's Court of this county on the 11th day of October, 1921. That the petitioner is authorized by the laws of the state of New York to act as general guardian of an estate of an infant. It further appears that on the 21st day of October, 1921, service of the summons and a copy of the complaint was made upon said defendant Ann Cooper Hewitt, by delivery to petitioner as such general guardian of said infant of a copy of said summons and complaint. I am of the opinion on the record before me that service of the summons and complaint has not in fact been made on the infant by the delivery thereof to the petitioner who is general guardian of the property of the infant. The infant in this case resides without the state with her mother and I am of the opinion that the " guardian " specified in section 225 of the Civil Practice Act does not include a general guardian of the property but has reference to and would seem to especially indicate the person having physical custody of the person of such infant. The application is, therefore, denied as premature.

Application denied.